IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMMY SCOLLARD, Executor of the Estate of Patrick Scollard, and WAUSAU INSURANCE COMPANY, | ) ) ) ) |
| Plaintiffs, | ) 4:06CV3196 ) |
| vs. | ) ORDER ) |
| ROCKY MOUNTAIN HOLDING CO., AIR METHODS CORPORATION, AMERICAN EUROCOPTER CORP., EUROCOPTER SAS, and DUNLOP LIMITED, | ) and ) ) REPORT AND ) RECOMMENDATION ) ) |
| Defendants, | ) ) |
| SOCIETE D'APPLICATIONS DES MACHINES MOTRICES, a.k.a. SAMM, | ) ) ) |
| Defendant and Third-Party Plaintiff, | ) ) ) |
| vs. | ) ) |
| PAMELA MANSKE, Special Administrator of the Estate of Phillip Herring, and ROCKY MOUNTAIN HOLDING CO., | ) ) ) ) ) |
| Third-Party Defendants. | ) |

    This matter is before the court on the plaintiffs' Motion to Remand and for Costs (Filing No. 28) and the defendants Rocky Mountain Holding Company, LLC (Rocky Mountain) and Air Methods Corporation's (Air Methods) Motion for Limited Discovery (Filing No. 48) related to the motion for remand. The plaintiffs filed a brief (Filing No. 29), reply brief (Filing No. 41) and two declarations (Filing Nos. 30 and 42) in support of the motion to remand. Rocky Mountain and Air Methods filed a brief (Filing No. 35) and an index of evidence (Filing No. 34) in opposition to the motion to remand. No other party participated in briefing the motion to remand. After completion of the briefing period for the motion to

remand, Rocky Mountain and Air Methods filed their motion for limited discovery with a brief (Filing No. 49) and an affidavit (Filing No. 50).  The plaintiff Tammy Scollard filed a brief (Filing No. 62) in opposition to limited discovery.  Rocky Mountain and Air Methods filed a reply brief (Filing No. 63).  No other party participated in briefing the motion for limited discovery.  For the reasons stated herein, the undersigned magistrate judge recommends that this matter be remanded to the District Court of Lancaster County, Nebraska, and holds that no limited discovery is allowed.[1]

## BACKGROUND

This action was initially filed in the District Court of Lancaster County, Nebraska on July 18, 2002.  **See** Filing No. 1.  The case stems from the June 21, 2002 fatal medical helicopter crash at the Karl Stefan Memorial Airport near Norfolk, Nebraska.  The plaintiffs believe a faulty tail rotor system on the helicopter caused the crash, which occurred when the pilot, Phillip Herring, attempted to make an emergency landing.  Three Rocky Mountain employees perished in the crash:  the pilot, Phillip Herring; a paramedic, Patrick Scollard; and a flight nurse, Lori Schrempp.

Tammy Scollard represents the estate of her late husband, Patrick Scollard. Wassau Insurance Company (Wassau) is Rocky Mountain's workers' compensation

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts") and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970 at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge).  In *Vogel*, the court concluded:
> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion.  Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss.  The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517.  **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A).  On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

insurance carrier. There are three categories of defendants: (1) the decedent's employer, Rocky Mountain and its parent corporation, Air Methods; (2) entities involved in the supply, service, leasing, ownership and/or inspection of the helicopter, Duncan Aviation, Inc. (Duncan) and CIT Leasing Corp. (CIT); and (3) entities involved in the manufacture, sale, and distribution of the helicopter and/or its component parts, Eurocopter, S.A. (Eurocopter), American Eurocopter Corp. (American Eurocopter), Dunlop, Ltd. (Dunlop) and Societe D'Applications Des Machines Motrices a/k/a SAMM (SAMM). Eurocopter and American Eurocopter have third-party claims against Rocky Mountain. **See** Filing Nos. 32 and 33. SAMM filed a third-party claim against Pamela Manske, special administrator of the estate of Phillip Herring, and a cross-claim against Rocky Mountain. **See** Filing No. 20.

On June 15, 2006, Nebraska District Judge Steven D. Burns entered an order considering the plaintiffs' motion for sanctions against Rocky Mountain, for the loss of maintenance records for the subject helicopter. **See** Filing No. 30 - Exhibit B. In the June 15, 2006 order, Judge Burns allowed the plaintiffs an opportunity to amend the pleadings to allege claims as a result of the failure to maintain and keep certain records. *Id.* at p. 14. On July 17, 2006, the plaintiffs named Rocky Mountain and Air Methods as defendants based on allegations that these defendants have tortiously failed to keep records regarding maintenance of the subject helicopter.

On August 15, 2006, Rocky Mountain and Air Methods removed the action to the United States District Court for the District of Nebraska. **See** Filing No. 1. Rocky Mountain and Air Methods allege this court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on a federal question because the plaintiffs' claim raises a federal dispute requiring federal court interpretation of federal aviation regulations. *Id.* ¶ 5. Alternatively, Rocky Mountain and Air Methods contend this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* ¶¶ 8-16. The plaintiffs dispute both federal question and diversity jurisdiction and argue the case is nonremovable pursuant to 28 U.S.C. § 1446(b). The plaintiffs request the matter be remanded.

## ANALYSIS

**A. Non-Removable Cases**

The plaintiffs contend this action is nonremovable because it arises under the workers' compensation laws of Nebraska. Under removal statutes, a case which was not initially removable may later be removed under certain circumstances. Pursuant to 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

However, a number of cases are considered nonremovable pursuant to 28 U.S.C. § 1445. Relevant here: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." **See** 28 U.S.C. § 1445(c). "If § 1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity." **Humphrey v. Sequentia, Inc.**, 58 F.3d 1238, 1245 (8th Cir. 1995). The court's determination of whether a plaintiff's cause of action is one "arising under" the state's workers' compensation laws, for purposes of applying § 1445(c), is governed by federal law. **Id.** (**citing Grubbs v. General Elec. Credit Corp.**, 405 U.S. 699, 705 (1972) (federal law governs construction of removal statutes)).

> Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies. . .

*Id.* at 1246.

Applying the principles outlined in **Gully v. First Nat'l Bank**, 299 U.S. 109, 112 (1936), with regard to actions arising under the Constitution, laws, or treaties of the United States, the **Humphrey** court examined whether an action arose under the state's workers'

4

compensation laws by determining if (1) the right established is an essential element of the claim, (2) the success of the claim depends on construction of the state statute, (3) a genuine and present controversy exists with reference to the statute, and (4) the controversy is disclosed on the face of the complaint. *Id.*

The plaintiff Wausau Insurance Company (Wausau) asserts a subrogation claim against the defendants to recoup, from the alleged third-party tortfeasors, workers' compensation payments paid by Wausau to Ms. Scollard on behalf of her husband, who was an employee of Rocky Mountain. **See** Filing No. 1, Exhibit D - Fourth Cause of Action ¶¶ 41-42. The plaintiffs contend Neb. Rev. Stat. § 48-118 of the Nebraska Workers' Compensation Act is the statute which authorizes the personal injury claims against the defendants and authorizes Wausau to pursue subrogation. Under the Nebraska workers' compensation statute:

> When a third person is liable to the employee or to the dependents for the injury or death of the employee, the employer shall be subrogated to the right of the employee or to the dependents against such third person. The recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his or her dependents should have been entitled to recover.
> Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents and shall be treated as an advance payment by the employer on account of any future installments of compensation.
> Nothing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee or of his or her personal representative to bring suit against such third person in his or her own name or in the name of the personal representative based upon such liability, but in such event an employer having paid or paying compensation to such employee or his or her dependents shall be made a party to the suit for the purpose of reimbursement, under the right of subrogation, of any compensation paid.

Neb. Rev. Stat. § 48-118 (Supp. 2006).

The plaintiffs' argue their claims arise under the workers' compensation laws. However, the Nebraska Supreme Court, determined that a third-party personal injury action does not "arise under" the provisions of the Nebraska Workers' Compensation Act. *Miller v. M.F.S. York/Stormor*, 595 N.W.2d 878, 882 (Neb. 1999). The *Miller* court noted the difference between original subject matter jurisdiction and removal jurisdiction. *Id.* at 883. In *Miller*, the employee filed a personal injury suit, in federal court, against a third-party for injuries sustained during employment. *Id.* at 880. The employer joined the action as required by § 48-118 alleging subrogation claims. *Id.* The employee and employer settled with the third-party tortfeasor. *Id.* The federal court entered an order distributing the settlement proceeds between the employee and the employer, which order was not appealed. *Id.* Thereafter, the employee filed a petition in the Nebraska Workers' Compensation Court for medical expenses and other workers' compensation benefits, which accrued after judgment. *Id.* at 880-81. The employee sought a determination about the amount of credit, based on the settlement in the federal case, which the employer was entitled to for future benefits. *Id.* at 881. The Nebraska Supreme Court determined the Nebraska Workers' Compensation Court did not have jurisdiction to determine the amount of credit under the circumstances because such court could only hear cases that "arise from" the Nebraska Workers' Compensation Act. *Id.* at 882.

The plaintiffs contend *Miller* supports their position based on the following statement:

> Further, § 48-118 cannot specifically confer jurisdiction upon federal courts, as the existence of federal jurisdiction is a matter of federal law rather than state law. Under federal law, 28 U.S.C. § 1445(c) (1988), federal courts may have jurisdiction over suits arising under state workers' compensation laws only if the suit is originally filed in federal court (as opposed to being removed there from state court) and diversity jurisdiction exists under 28 U.S.C. § 1332 (1994).
> We, therefore, conclude that the term "district court" as used in § 48-118 cannot mean federal courts exclusively and that a state district court would have jurisdiction over the subject matter of this action.

*Id.* at 883 (internal citations omitted).

Based on the above, the plaintiffs contend *Miller* explained that "personal injury and related subrogation claims did not meet the state standard [of 'arise from'] for jurisdiction in the Workers' Compensation Court. However, such claims did meet the 'arising under' standard of federal law, so as to fall within the scope of section 1445(c)." **See** Filing No. 41, p. 6 (footnote omitted). *Miller* cannot be read so broadly. The issue in *Miller* was whether the second action could be heard in the Workers' Compensation Court. The court did not make any distinction between the terms "arise from" and "arise under" and used the terms interchangeably. **See** *Miller*, 595 N.W.2d at 882.

The plaintiffs also argue the Nebraska Workers' Compensation Act establishes the right to a subrogation claim because "[s]ection 48-118 grants . . . a subrogation interest against payments made by the third party." *Turco v. Schuning*, 716 N.W.2d 415, 418 (Neb. 2006). In contrast, Rocky Mountain and Air Method contend section 48-118 merely preserves an existing common law right to subrogation. The *Turco* court determined that the statutory provision requiring a "fair and equitable distribution of the proceeds of any judgment or settlement" between the employee and the employer was a hybrid between statutory and equitable subrogation. *Turco*, 716 N.W.2d at 418 (**citing** Neb. Rev. Stat. § 48-118 (Supp. 2005) (now codified at Neb. Rev. Stat. § 48-118.04 (Supp. 2006)). Based on the *Turco* court's discussion, the plaintiffs claim the subrogation interest provided by the statute is distinct from the common law right to subrogation in Nebraska. Therefore, the plaintiffs argue, the subrogation right arises from the Nebraska Workers' Compensation Act.

In further support for the position, the plaintiffs refer to *Zurich American Ins. Co. v. General Motors Corp.*, 242 F. Supp. 2d 736 (E.D. Cal. 2003) (applying the *Humphrey* analysis). The *Zurich* court specifically noted the California statute explicitly codified subrogation as a cause of action as part of the workers' compensation scheme. *Id.* at 737. Further, the subrogation claim would not otherwise be available to the plaintiff under the common law. *Id.* Furthermore, since California law does not draw a distinction between employer and employee claims, allowing removal would "be tantamount to allowing claims to recover benefits brought by employees themselves." *Id.* at 738. The Zurich court also relied upon the legislative history and intent of §1445(c) to support remand. *Id.* at 739

7

(citing interests in the plaintiff's choice of forum, states' interest in administering statutory scheme, and Federal court's workload).

*Turco* and *Zurich* are distinguishable because the subrogation right was otherwise unavailable. The *Turco* court compared the common law right of subrogation to the statutory provision stating the statutory provision does not require the insured to be "made whole" before the insurer could subrogate. Accordingly, although the subrogation interest is slightly different under the common law, section 48-118 does not establish the right to subrogation. Further, section 48-118 is only one example of a statute that will support a subrogation claim. **See, e.g.,** *Hanna v. Fleetguard, Inc.*, 900 F. Supp. 1110, 1121 (N. D. Iowa 1995). Since section 48-118's subrogation provision is derived from Nebraska's common law right to subrogation, the subrogation claim does not arise under the workers' compensation laws.

Because the plaintiffs' claims do not arise under the workers' compensation laws of Nebraska, 28 U.S.C. § 1446(b) is inapplicable. The court cannot find the action is nonremovable pursuant to § 1446(b). Therefore, the court must evaluate whether there is a basis for removal jurisdiction.

### B.     Federal Question Jurisdiction

Under 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A defendant may remove a state court claim to federal court if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); **see** *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). Additionally, "federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Therefore, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313. However, "even when the state action discloses a contested

and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto" unless "jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313-14 (noting "there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").

A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law. **See** *id.* "Congress has long since decided that federal defenses do not provide a basis for removal." **Caterpillar Inc.**, 482 U.S. at 399. "Thus, a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." **Rivet v. Regions Bank of Louisiana**, 522 U.S. 470, 475 (1998) (internal quotations and alterations omitted). "To permit removal on the basis of a federal defense would deprive the plaintiff of the right to be the master of his cause of action." **Gore**, 210 F.3d 949 (**citing Caterpillar Inc.**, 482 U.S. at 399); **accord Caterpillar Inc.**, 482 U.S. at 399 (The complete preemption doctrine converts an ordinary state-law claim into a federal claim where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'").

Defendants opposing remand bear the burden of establishing federal subject matter jurisdiction exists over the plaintiffs' case. **Green v. Ameritrade, Inc.**, 279 F.3d 590, 596 (8th Cir. 2002). If a defendant proves that any claim within the plaintiffs' complaint supports federal question jurisdiction, a defendant may remove the entire case to federal court, including any alleged state-law claims arising from the same core of operative facts. **See** 28 U.S.C. § 1367; **City of Chicago v. Int'l College of Surgeons**, 522 U.S. 156, 164-65 (1997); **see Exxon Mobil Corp. v. Allapattah Servs., Inc.**, 545 U.S. 546, 125 S. Ct. 2611, 2622-24 (2005). However, all doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand. **4:20 Commc'ns, Inc. v. Paradigm Co.**, 336 F.3d 775, 778-79 (8th Cir. 2003).

9

In this case, the plaintiffs allege a fifth cause of action, pleading in the alternative, that the defendants "Rocky Mountain and/or Air Methods negligently, recklessly, intentionally and/or in bad faith failed to preserve, retain and maintain [certain records relating to the subject aircraft]." **See** Filing No. 1, Exhibit D ¶¶ 44-45. The plaintiffs further state, "If the jury returns a verdict for any of the other product defendants on the first through fourth causes of action, the Court should enter a [rebuttable] presumption as a matter of law that the missing records were a substantial factor in causing those verdicts . . . [and Rocky Mountain and/or Air Methods] should be liable for the full amount of damages suffered to Plaintiffs." *Id.* ¶ 47. The plaintiffs state Claim V is based solely on a "breach of a common law duty to retain records of the Helicopter in this litigation, and is not based on their breach of any federal aviation regulation." **See** Filing No. 41, p. 9. The plaintiffs further state they do not discount the applicability if the federal regulations, but have chosen to proceed only on the breach of a common law duty. *Id.* at p. 9 & n.4.

Rocky Mountain and Air Methods contend that if there is a duty to maintain aviation records, such duty must be governed by the Federal Aviation Act. Rocky Mountain and Air Methods state the Federal Aviation Act provides the only standard of care for assessing the negligence claim against these defendants, an essential element of the plaintiffs' claim. These defendants also state the parties dispute the applicability of the Federal Aviation Act document retention requirement which dispute forms the basis of the claim. Specifically, Rocky Mountain argued in the state court proceeding that 14 C.F.R. § 91.417 does not apply to an inoperable aircraft. **See** Filing No. 34, Exhibit 1 - Brief in opposition to sanction p. 4-6. Finally, Rocky Mountain and Air Methods contend hearing the matter in federal court will not impinge on state court authority because there is no state law claim with respect to the maintenance of aviation records and, in any event, the federal regulation at issue is intended to predominate over any state law claims.

The court must determine whether federal question jurisdiction lies when a federal issue may be involved in a state cause of action. The Fourth Amended Complaint does not explicitly reference a federal statute. However, Rocky Mountain and Air Methods contend the plaintiffs' claim for failure to maintain records is based on 14 C.F.R. § 91.417. Rocky Mountain and Air Methods argue no state cause of action exists for negligent retention of

aircraft records, but that this "new tort is entirely created . . . by Judge Burns." **See** Filing No. 35, p. 14. In the order allowing the plaintiffs to amend their complaint, Judge Burns specifically referred to 14 C.F.R. § 91.417 and 49 C.F.R. § 830.10(d) as regulations imposing a duty on Rocky Mountain to maintain the aircraft records. **See** Filing No. 30 Order at p. 8-9. Further, Judge Burns wrote, "Rocky Mountain's obligation to maintain and keep the maintenance records and logs is also required by common law." **Id.** at p. 9.

Although the plaintiffs disclaim reliance on the federal regulations for the basis of Claim V, the court will evaluate the motion to remand based on the defendants' argument that only the federal regulations supply the basis for a standard of care. The removing defendants rely on the reasoning and outcome in **Grable** to argue removal is warranted. In **Grable**, as here, the federal law did not provide a private right of action for the plaintiff. **Grable**, 545 U.S. at 319; **see Merrell Dow Pharms. Inc. v. Thompson**, 478 U.S. 804, 811-12 (1986) ("In short, Congress did not intend a private federal remedy for violations of the statute that it enacted."). It is not necessary for federal question jurisdiction to have a federal private right of action. **Grable**, 545 U.S. at 318-19. However,

> [t]he significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated. For the ultimate import of such a conclusion, as we have repeatedly emphasized, is that it would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

**Merrel Dow**, 478 U.S. at 812 (footnotes omitted).

In **Grable**, a former landowner brought a quiet title action in state court against a tax sale purchaser. **Grable**, 545 U.S. at 310. The plaintiff alleged the purchaser's record title was invalid because the IRS had failed to provide the plaintiff with proper notice pursuant to federal statute. **Id.** The Court held the plaintiff's superior title claim was premised on the IRS's failure to give adequate notice, which made "[t]he meaning of the federal tax

provision [ ] an important issue of federal law that sensibly belongs in a federal court." **Id.** at 315. The Court determined the federal statute was actually in controversy, the availability of a federal forum was important for resolution of federal tax matters, and it would be rare that a state title case would raise a contested matter of federal law. **Id.**

The federal issue in **Grable** was "the only legal or factual issue contested in the case." **Id.** Here, interpretation and application of the record keeping regulations is not and "essential element" "at the heart" of the plaintiffs' state-law claims. The issue will become relevant, if at all, only if the product defendants secure a jury verdict in their favor by utilizing the absence of the "missing" records in defense of the plaintiffs' first four claims related to the helicopter crash. The plaintiffs' claims are primarily related to the cause of the helicopter crash and any attendant liability with only a subordinate issue of record keeping. Furthermore, since the plaintiffs state they do not premise Claim V on the federal regulations, Rocky Mountain and Air Method's reliance on the federal regulations is akin to a defense. Particularly since their argument is that no duty exists for them to retain records, but if a duty existed it would be pursuant to the federal regulations. If the defendants have defenses to the action based on federal law, the case should still be remanded unless "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" **Caterpillar Inc.**, 482 U.S. at 399. The court does not find the standard of care issue based on federal law to provide such extraordinary pre-emptive force.

Additionally, the issue lacks substantial federal interest sufficient to justify federal question jurisdiction over the plaintiffs' state-law claims. The removing defendants assert the federal government has a pronounced interest in the outcome of this dispute and its impact on aviation maintenance obligations. The removing defendants ask this court to "[i]magine the chaotic and crippling effect on aviation and air transportation safety if individual states were permitted to supplement federal regulations with their own safety aviation regulations." **See** Filing No. 35, p. 18. However, the application and interpretation of one or two record keeping regulations, under the circumstances, does not equate to states supplementing federal safety aviation regulations. Particularly where, as here, a

finding of a violation of the federal regulations results in a "rebuttable presumption" or a "proximate cause" under state law. **See *Merrel Dow***, 478 U.S. at 812. This matter is far different from ***Grable***, where an interpretation of federal tax laws could affect the IRS' ability to collect delinquent taxes. **See *Grable***, 545 U.S. at 315. Rocky Mountain and Air Method's position is more similar to the removing party in ***Merrell Dow***, where interpretation and application of the federal statute did not threaten the order and stability of the federal regime. **See *Merrel Dow***, 478 U.S. at 815-16 (consumers claimed drug manufacture's violation of the Federal Food, Drug, and Cosmetic Act constituted negligence); ***see also Miree v. DeKalb County, Ga.***, 433 U.S. 25 (1977) (finding the FAA's substantial interest in regulating aircraft travel and promoting air travel safety does not create a federal claim, particularly where there has been no showing that federal operations will be burdened or subjected to uncertainty by variant state-law interpretations or inadequately protected by state law).

This court finds no substantial and contested federal issue implicating a serious federal interest requiring a federal forum. Therefore, no federal question exists to provide jurisdiction to this court under 28 U.S.C. § 1331. Because no federal question jurisdiction exists, the court must determine whether there is diversity jurisdiction.

### C.     Diversity Jurisdiction

Because no federal question is presented, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction is to be determined according to the plaintiffs' pleading at the time of the petition for removal. ***Pullman Co. v. Jenkins***, 305 U.S. 534, 537-538 (1939); ***Crosby v. Paul Hardeman, Inc.***, 414 F.2d 1, 3 (8th Cir. 1969). Therefore, complete diversity of citizenship under 28 U.S.C. § 1332(a) depends on the citizenship of the real parties to the controversy at the time the action is filed in federal court. ***Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency, Inc.***, 149 F.3d 794, 796 (8th Cir. 1998). Jurisdiction cannot be created retroactively. ***Id.***

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). For any claim not founded on a claim arising under the Constitution, treaties or laws of the United States, 28 U.S.C. § 1441(b) provides:

> [S]uch action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

In this action is not removable because one of the defendants, Duncan, is a citizen of the State in which the action was brought. **See** § 1441(b); ***Horton v. Conklin***, 431 F.3d 602, 605 (8th Cir. 2005); ***Pecherski v. General Motors Corp.***, 636 F.2d 1156, 1160 (8th Cir. 1981). In response to the forum defendant rule, Rocky Mountain and Air Methods contend the non-diverse defendant has no interest in the plaintiffs' Fourth Amended Complaint due to a settlement agreement with the plaintiffs. Therefore, Rocky Mountain and Air Methods assert Duncan and CIT are both nominal parties who should not be considered for purposes of removal. **See** Filing No. 35, Defendants' Brief p. 27.

"[T]he presence of nominal or formal or unnecessary parties has no controlling significance for removal purposes." ***Bradley v. Maryland Cas. Co.***, 382 F.2d 415, 419 (8th Cir. 1967) (**citing *Salem Trust Co. v. Manufacturers' Fin. Co.***, 264 U.S. 182, 189-190 (1924)). In ***Bradley***, the court noted an executed stipulation as to the compromise and settlement of a third-party action rendered such parties nominal, "[t]heir interest in the suit from that point on was a fragile one." ***Id.*** The court specified that the plaintiff had not sued the third-parties and they were not indispensable parties with regard to the plaintiff. ***Id.*** Further, a party who has entered into a settlement agreement need not be formally dismissed from the case to be a nominal party. **See *Chohlis v. Cessna Aircraft Co.***, 760 F.2d 901, 903 n.2 (8th Cir. 1985) (noting, without describing a factual basis, that although the nondiverse party had not been adequately severed from the state court suit at the time of removal, the settlement was "final enough to support removal.") (**citing *Erdey v.***

***American Honda Co., Inc.***, 96 F.R.D. 593, 597-99 (D.C. La. 1983)).  The ***Erdey*** court stated:

> While 28 U.S.C. § 1446(b) authorizes removal of a case not initially removable, within thirty days of the time it becomes removable, the jurisprudence is long and uniform to the effect that a case may become removable only by the voluntary action of the plaintiff.
>
> * * *
>
> Where plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b).  The technicality of how plaintiff's intention is expressed is of no moment--it is the expression of the intent by plaintiff which makes the case removable.

***Erdey***, 96 F.R.D. at 597, 599 (***citing Powers v. Chesapeake & O. Ry. Co.***, 169 U.S. 92 (1898)); **see also *Heniford v. American Motors Sales Corp.***, 471 F. Supp. 328, 335 (D. S.C. 1979) ("Regardless of whether it be classified a dismissal, discontinuance, termination, or abandonment, plaintiffs extinguished their claim against the resident defendant in explicitly instructing the jury not to return a verdict against him.").

For examples, the ***Erdey*** court stated a plaintiff who either amends the petition to dismiss a non-diverse party or presents a motion to dismiss the non-diverse party evinces the intent to voluntarily abandon his claims against such party.  ***Id.*** at 598.  While neither of theses actions had taken place in ***Erdey***, the plaintiff had entered into a settlement agreement, presented a joint petition to the court for approval, and the court entered a judgment against the settling defendants.  ***Id.*** at 594-95.  Of primary importance, on the date the judgment was entered, the "plaintiff executed a full and complete release in favor of the" non-diverse defendants.  ***Id.*** at 594-95, 598.  Accordingly, the district court held "[c]learly entering the settlement agreement constitutes voluntary abandonment by plaintiff of the action as to these defendants."  ***Id.*** at 598.  A determination about whether the settlement is final and binding is fact driven.  Courts have held that merely stating in open court that a settlement agreement was reached, without more, or where court approval is yet necessary a settlement is not final.  **See *Guerrero v. General Motors Corp.***, 392 F.

Supp. 2d 1133, 1135 (N.D. Cal. 2005) (settlement with minors); **Mertan v. E.R. Squibb & Sons, Inc.**, 581 F. Supp. 751, 752-53 (C.D. Cal. 1980).

In this case, the plaintiffs filed a June 30, 2006 letter with the State Court providing:

> I am pleased to advise the Court that Plaintiffs in each of the three (3) cases have reached amicable settlements with defendant Duncan Aviation and defendant CIT Leasing Corporation. Upon completion of the appropriate paperwork, we will be filing our Dismissals with Prejudice as to these defendants.

**See** Filing No. 30, Exhibit D.

Despite this letter, Duncan and CIT were named as defendants in the July 17, 2006 Fourth Amended Complaint. These defendants sought, of the plaintiffs, and received an extension of time by ninety days to file an answer to the Fourth Amended Complaint. **See** Filing No. 30 - Robb Decl. ¶ 13; Filing No. 42, Exhibit B. By at least September 27, 2006, the settlement documents were not yet finalized. **See** Filing No. 30 - Robb Decl. ¶ 12; Filing No. 42, Exhibit A. The plaintiffs contend there is a broad understanding between the plaintiffs and the settling defendants, however the agreement is in general terms, the details of which have not yet been worked out. **See** Filing No. 30 - Robb Decl. ¶ 12.

In support of their position, Rocky Mountain and Air Methods rely on **Acosta v. Master Maintenance and Const., Inc.**, 52 F. Supp. 2d 699 (M.D. La. 1999). In **Acosta**, after removal the plaintiffs argued the settlement was unenforceable where they had only agreed to a gross settlement amount, without specific allocations, or final terms. **Acosta**, 52 F. Supp. 2d at 709. However, in **Acosta**, the plaintiffs had also filed a joint motion to sever the settling defendants, prior to removal. **Id.** at 710.

In contrast, the letter written by counsel for the plaintiffs in this case does not equate to a joint motion for dismissal. Although it appears the plaintiffs may have been in the process of settling their claims against Duncan and CIT, the June 30, 2006 letter does not rise to the level of a clear intent constituting a voluntary abandonment by the plaintiffs of the action as to these defendants. Furthermore, the same defendants were named in a later filed amended complaint, which was the true impetus for removal according to Rocky Mountain and Air Methods. **See, e.g.,** Filing No. 1, Exhibit D (Fourth Amended Complaint).

Rocky Mountain and Air Methods contend that if the court determines the June 30, 2006 letter is insufficient to make Duncan and CIT nominal parties, the movants are entitled to discovery about the nature and extent of the settlement agreements. The court disagrees. The common thread running throughout the relevant case law is a public abandonment of claims against the settling defendants. Accordingly, discovery into the settlement negotiations of the Nebraska defendant would not help to resolve the jurisdictional issue.

Furthermore, the removal was defective because neither Duncan, nor CIT, joined in removal. **See *Horton v. Conklin***, 431 F.3d 602, 604 (8th Cir. 2005); ***Marano Enters. of Kansas v. Z-Teca Rests., L.P.***, 254 F.3d 753, 755 n.2 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded."). For the reasons stated above removal was defective and no diversity jurisdiction existed at the time of removal.

Pursuant to federal diversity statutes and the attending case law, jurisdiction would not appear proper in United States District Court. Therefore, the undersigned magistrate judge recommends the plaintiffs' motion to remand be granted. Further, the undersigned magistrate judge recommends that no attorney fees be assessed against the removing defendants under 28 U.S.C. §1447(c). Finally, limited discovery regarding the nature and extent of settlement between the plaintiffs and the defendants Duncan Aviation, Inc. and CIT Leasing Corporation would not assist to resolve the jurisdictional issues. Upon consideration,

**IT IS ORDERED:**

1. Rocky Mountain Holding Company, LLC and Air Methods Corporation's Motion for Limited Discovery (Filing No. 48) is denied.

2. The Clerk of Court shall add Duncan Aviation, Inc. and CIT Leasing Corporation as defendants in this action, based on the Fourth Amended Complaint, and provide a copy of this Order and Report and Recommendation to them.

3. Based on the relevant parties' informal agreements, Duncan Aviation, Inc. and CIT Leasing Corporation shall each file an answer to the Fourth Amended Complaint **on or before January 30, 2007**.

**IT IS RECOMMENDED TO JUDGE RICHARD G. KOPF that:**

The plaintiffs' Motion to Remand and for Costs (Filing No. 28) be granted, except that no attorney fees be assessed against the removing defendants.

## ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 9th day of January, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge